IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )
KIMBERLY L. HERNANDEZ,           )          CASE NO. BK12-40770-TJM
                                 )
            Debtor(s).           )          CHAPTER 13

ORDER

   Hearing was held on October 3, 2012, on the debtor's amended Chapter 13 plan (Fil. No. 40) and objection by the Nebraska Department of Health and Human Services ("NDHHS") (Fil. No. 45). Rebecca Abell-Brown appeared for the debtor, and Ronald L. Sanchez appeared for the NDHHS. Post-hearing briefs and evidence were submitted, and the matter is now ready for decision.

   The objection is sustained.

   NDHHS filed a proof of claim for $949.39 for overpayment of child support to the debtor in 2007. NDHHS recouped $25 of that amount from an Aid to Dependent Children grant to the debtor's household in February 2010, so the balance of the debt is $924.39. The claim is characterized as a domestic support obligation under 11 U.S.C. § 101(14A), entitled to priority under § 507(a)(1)(B)[1], and excepted from discharge under § 1328(a)(2) and § 523(a)(5). The debtor's amended plan does not account for any domestic support obligations or priority claims, so NDHHS objected.

   In 1997, a court order was entered directing the payment of child support to the debtor for two of her children. In June 2007, one of those children became a ward of the state and was placed in a foster home until December 2008. The claim filed by NDHHS represents support payments

---

[1]That section provides:

(a) The following expenses and claims have priority in the following order:
  (1) First:
    . . .
    (B) Subject to claims under subparagraph (A), allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition, are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the purpose of collecting the debt) or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition be applied and distributed in accordance with applicable nonbankruptcy law.

made to the debtor between June 11, 2007, and September 12, 2007, while the child was in the care of the state. State law requires the statutory assignment to the NDHHS of the right to child support payments while a child is receiving child welfare benefits, including foster care, from the state. NDHHS wrote to the debtor about the overpayment three times in January and February 2008 and attempted to have her execute a repayment agreement. The child's father passed away on June 16, 2005, yet the payments NDHHS made to the debtor in 2007 came from a New York company pursuant to a wage withholding order, presumably through the garnishment of the pay of an employee illegally using the decedent's Social Security number. In addition, NDHHS believes the debtor began receiving the child's monthly Social Security survivor's benefit of $889.00 in April 2007.

The issue is whether this debt is a domestic support obligation as defined by the Bankruptcy Code. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added that term to the Code to expand the protections for those whom a debtor is obligated to support.

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is —
> (A) owed to or recoverable by —
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of —
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

In this case, the debt is owed to or recoverable by a governmental unit[2], it is in the nature of support of the debtor's child, it was established by a determination made by NDHHS under applicable non-bankruptcy law, and it has not been assigned to a non-governmental entity.

The source of the 2007 child support payments is not relevant for purposes of this objection. What is relevant is that the debtor was receiving payments in the nature of child support at the time for a child who was a ward of the state. Those payments were assigned by operation of law to the NDHHS because the child, as a ward in foster care, received aid from the state's child welfare funds. Neb. Rev. Stat. § 43-512.07[3]; 479 Neb. Admin. Code § 1-001.01; 466 Neb. Admin. Code § 11-

---

[2]Pursuant to 11 U.S.C. § 101(27),

The term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

[3]The version of the statute in effect at the relevant time is as follows:

§ 43-512.07. Assignment of child, spousal, or medical support payments; when; duration; notice; unpaid court-ordered support; how treated.
    (1) Any action, payment, aid, or assistance listed in subdivisions (a) through (c) of this subsection shall constitute an assignment by operation of law to the Department of Health and Human Services of any right to spousal or medical support when ordered by the court and to child support whether or not ordered by the court which a recipient may have in his or her own behalf or on behalf of any other person for whom an applicant receives such payments, aid, or assistance, including any accrued arrearages as of the time of the assignment:
        (a) Application for and acceptance of one or more aid to dependent children payments by a parent, another relative, or a custodian;
        (b) Receipt of aid by or on behalf of any dependent child as defined in section 43-504; or
        (c) Receipt of aid from child welfare funds.
The department shall be entitled to retain such child, spousal, or other support up to the amount of payments, aid, or assistance provided to a recipient. For purposes of this section, the right to receive current and past-due child support shall belong to the child and the assignment shall be effective as to any such support even if the recipient of the payments, aid, or assistance is not the same as the payee of court-ordered support.

    (2) After notification of the State Disbursement Unit receiving the child,
(continued...)

-3-

002.01[4]. The state is entitled to obtain reimbursement for at least a portion of the cost of its care of the debtor's child. "In foster care cases, the amount that may be retained to reimburse the state is limited to the amount of support due for the months during which foster care assistance payments

---

[3](...continued)
spousal, or other support payments made pursuant to a court order that the person for whom such support is ordered is a recipient of payments, aid, or assistance listed in subsection (1) of this section, the department shall also give notice to the payee named in the court order at his or her last-known address.

(3) Upon written or other notification from the department or from another state of such assignment of child, spousal, or other support payments, the State Disbursement Unit shall transmit the support payments received to the department or the other state without the requirement of a subsequent order by the court. The State Disbursement Unit shall continue to transmit the support payments for as long as the payments, aid, or assistance listed in subsection (1) of this section continues.

(4) Any court-ordered child, spousal, or other support remaining unpaid during the period of the assignment shall constitute a debt and a continuing assignment at the termination of payments, aid, or assistance listed in subsection (1) of this section, collectible by the department or other state as reimbursement for such payments, aid, or assistance. However, any assignment pursuant to subdivisions (1)(b) and (1)(c) of this section shall be limited to the amount of child support due for any months during which such payments, aid, or assistance was made. The continuing assignment shall only apply to support payments made during a calendar period which exceed the specific amount of support ordered for that period. When payments, aid, or assistance listed in subsection (1) of this section have ceased and upon notice by the department or the other state, the State Disbursement Unit shall continue to transmit to the department or the other state any support payments received on arrearages in excess of the amount of support ordered for that specific calendar period until notified by the department or the other state that the debt has been paid in full, except that any amount of support arrearages that has accrued or accrues after termination of payments, aid, or assistance listed in subsection (1) of this section shall be paid first by the unit to the person to whom support is due before any reimbursement is made to the department or the other state.

[4]This section sets out the requirements for assignment of support payments to the state:

11-002.01 Assignment: As a condition of receiving ADC, Medicaid, or foster care, a recipient of services must assign his/her right to any child support, medical support or spousal support payments to the state, to reimburse the state for assistance dollars expended. Application for and acceptance of assistance constitutes an assignment by operation of law.

are made or the unreimbursed assistance, whichever is less." 466 Neb. Admin. Code § 11-002.01C. The cost for foster care in this instance was $65.03 per day for the first 356 days and $68.00 per day for the following 175 days. More specifically, the authorized cost of the foster care for the time period of June 11, 2007, to September 12, 2007, which is the time period for which the debtor received the child support payments at issue here, is $6,047.79[5], which greatly exceeds the $949 the debtor received in child support during that period.

It is unclear whether the debtor received notice that the NDHHS would take an assignment of her child support payments while her child was in the care of the state – although that information presumably was contained in the paperwork involved in transferring custody of the child to the state – or why the state did not offset the payments when it processed the child support payments. However, the debtor was notified that the state was seeking reimbursement and she had the opportunity to challenge the state's assessment, but she did not so. It is clear the debtor owes this debt to the state, and that it falls within the definition of a domestic support obligation entitled to priority.

IT IS ORDERED: The objection to confirmation by the Nebraska Department of Health and Human Services (Fil. No. 45) is sustained. The debtor shall file an amended plan by November 30, 2012.

DATED:       November 8, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Rebecca Abell-Brown
    Ronald L. Sanchez
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[5]93 days at $65.03 per day equals $6,047.79.